# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ARCH COAL GROUP, INC.,**
**Employer Below, Petitioner**

**v.)  No. 25-ICA-91**          (JCN: 2019009524)

**DAVID WOOLUM,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Arch Coal Group, Inc.[1] ("Arch Coal") appeals the February 5, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent David Woolum timely filed a response.[2] Arch Coal did not reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order and authorizing Mr. Woolum's request for a SeQual Eclipse 3 portable oxygen concentrator, Phillips Respironics EverFlo Q Home Oxygen Concentrator System 1-5 LPM with OPI, and oxygen therapy.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 1, 2021, Mr. Woolum was treated by Matthew Craig, M.D., at New Lexington Clinic. Dr. Craig noted that Mr. Woolum spent more than forty years working in the coal mines, and that he had COVID-19 the previous February, which he described as "double pneumonia," after which he started oxygen. Dr. Craig opined that this was a confusing case, as Mr. Woolum has the underlying pathology consistent with his previous diagnosis of pneumoconiosis, complicated by the fact that he had COVID-19 pneumonia

---

[1] For reasons not readily apparent in the record, the petitioner's counsel has substituted "Mingo Logan Coal, LLC," for the employer that was identified below as "Arch Coal, Inc." Consistent with the action of the Supreme Court of Appeals of West Virginia in *Delbert v. Murray American Energy, Inc.*, 247 W. Va. 367, 369 n.1, 880 S.E.2d 89, 91 n.1 (2022), we use the name of the employer as designated in the order on appeal.

[2] Arch Coal is represented by T. Jonathan Cook, Esq., Cipriani & Werner, P.C.  Mr. Woolum is represented by Donald C. Wandling, Esq., Wandling Law Office, L.C.

earlier in the year. Dr. Craig assessed restrictive lung disease and indicated that Mr. Woolum should continue with nocturnal oxygen.

On July 19, 2021, Mr. Woolum followed up with Dr. Craig. The assessment was coal workers' pneumoconiosis, restrictive lung disease, and chronic hypoxemic respiratory failure. Dr. Craig noted that both sarcoidosis and pneumoconiosis would explain Mr. Woolum's mediastinal adenopathy and his granulomatous findings. Dr. Craig indicated that because Mr. Woolum's lung disease had progressed to the point of needing oxygen, he could not safely return to work in the coal mines. On October 20, 2021, Mr. Woolum followed up with Dr. Craig. The assessment was coal workers' pneumoconiosis, restrictive lung disease, granulomatous disorder, chronic hypoxemic respiratory failure, and dyspnea.

Mr. Woolum was again seen by Dr. Craig on January 20, 2022. The assessment was coal workers' pneumoconiosis, sarcoidosis, restrictive lung disease, chronic hypoxemic respiratory failure, and dyspnea. Dr. Craig indicated that sarcoidosis is a diagnosis of exclusion and stated that he could not ignore the fact that Mr. Woolum has forty years of coal dust exposure, as well as no significant changes in his adenopathy or granulomatous findings with his periodic prednisone treatment for sarcoidosis. Dr. Craig opined that because of Mr. Woolum's pulmonary restriction from occupational pneumoconiosis and possible superimposed scarring due to COVID-19, he now has chronic hypoxemic respiratory failure.

A final hearing was held on July 29, 2023, to take the testimony of the Occupational Pneumoconiosis Board ("OP Board") in Mr. Woolum's previous protest of a 20% permanent partial disability award in this claim. John Willis, M.D., the OP Board radiologist, testified that the films dated September 25, 2003, February 26, 2019, and July 1, 2021, show a progression of Mr. Woolum's condition. Jack Kinder, M.D., the OP Board chairperson, testified that from 2019 to 2021, Mr. Woolum's diffusion capacity declined significantly, which is why the recommendation was made to increase his impairment rating for occupational exposure from 10% to 20%. However, Dr. Kinder testified that upon considering all of the information in the record, and considering that Mr. Woolum has 50% permanent pulmonary impairment overall, he now believed that a better apportionment of Mr. Woolum's pulmonary impairment is 25% due to occupational pneumoconiosis and 25% due to non-occupational factors. Mallinath Kayi, M.D., a third member of the OP Board, agreed with Drs. Willis and Kinder.[3]

---

[3] This Court previously affirmed the Board's order granting Mr. Woolum an additional 15% permanent partial disability ("PPD") award for a total award of 25% PPD in the claim. *See Arch Coal v. David Woolum*, 23-ICA-458, 2024 WL 1589691 (W. Va. Ct. App. Feb. 8, 2024) (memorandum decision).

On August 4, 2023, Mr. Woolum followed up with Dr. Craig. The assessment was sarcoidosis, coal workers' pneumoconiosis, restrictive lung disease, and chronic hypoxemic respiratory failure. Dr. Craig noted that sarcoidosis was a diagnosis of exclusion, and that he could not exclude from consideration the fact that Mr. Woolum had forty years of occupational dust exposure. Dr. Craig opined that Mr. Woolum did not have any significant adenopathy or granulomatous findings; that he had periodic prednisone treatment for sarcoidosis; and that he was chronic hypoxemic respiratory failure due to pulmonary restriction from occupational pneumoconiosis and possible scarring secondary to COVID-19.

By order dated September 20, 2023, the claim administrator denied the request from Bryan Daniels, D.O., for oxygen.[4] The claim administrator noted that oxygen was previously authorized from August 1, 2023, to December 1, 2023, but that new information was received from Lexington Clinic documenting Mr. Woolum's treatment for sarcoidosis and scarring from COVID-19 pneumonia which was unrelated to occupational dust exposure. The claim administrator stated that pursuant to West Virginia Code § 23-5-1(e), the previous order of September 1, 2023, would be set aside on the grounds that newly discovered information shows that the treatment authorized is unrelated to the condition of occupational pneumoconiosis covered by the claim. Mr. Woolum protested this order to the Board.

Mr. Woolum returned to New Lexington Clinic on October 20, 2023, where he was treated by Frederick Rosenbaum, M.D. Dr. Rosenbaum assessed coal workers' pneumoconiosis and stated that he did not believe Mr. Woolum had an additional diagnosis such as sarcoidosis. Dr. Rosenbaum noted that Mr. Woolum's lung function was slowly declining and that there is no specific treatment for coal workers' pneumoconiosis.

On May 10, 2024, the claim administrator issued an order denying authorization for a SeQual Eclipse 3 Portable Oxygen Concentrator, Phillips Respironics Everflo Q Home Oxygen Concentrator System 1-5 LPM with OPI, and oxygen therapy, on the basis that neither condition discussed in the August 4, 2023, treatment note is related to occupational dust exposure or this claim. Mr. Woolum protested this order to the Board.

By order dated February 5, 2025, the Board reversed the claim administrator's September 20, 2023, and May 10, 2023, orders, and authorized a Sequal Eclipse 3 portable oxygen concentrator, Phillips Respironics EverFlo Q Home Oxygen Concentrator System 1-5 LPM with OPI, and oxygen therapy. It is from this order that Arch Coal now appeals.

---

[4] The record does not contain any medical records from Dr. Daniels, but the report from Dr. Craig dated August 4, 2023, indicates that Dr. Daniels is Mr. Woolum's primary care provider.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Arch Coal argues that Mr. Woolum failed to provide medical evidence demonstrating the necessity of oxygen therapy. Further, Arch Coal asserts that Mr. Woolum's pulmonary impairment was attributed equally to occupational dust exposure and non-occupational co-morbidities, including COVID-19, which resulted in lung scarring. We disagree.

West Virginia law clearly establishes that the claim administrator must provide sums for healthcare services, rehabilitation services, durable medical and other goods, and other supplies and medically related items as may be reasonably required. *See* W. Va. Code § 23-4-3(a)(1) (2005) and W. Va. Code R. § 85-20-9.1 (2006). Here, the Board evaluated the evidence and found that the medical records establish that Mr. Woolum has chronic hypoxemic respiratory failure due to pulmonary restriction from occupational pneumoconiosis and possible scarring secondary to COVID-19. Further, the Board found that Dr. Rosenbaum, Mr. Woolum's treating physician, diagnosed him with coal workers' pneumoconiosis. The Board also noted that the OP Board testified at the final hearing that Mr. Woolum has occupational pneumoconiosis that has progressed over time, as evidenced by x-ray changes and worsening diffusion impairment. Moreover, the OP Board stated that Mr. Woolum has an overall lung impairment of 50%, of which 25% impairment was attributed to occupational pneumoconiosis.[5]

---

[5] West Virginia Code of State Regulations § 85-20-52 (2006) requires an impairment of 15% or more for the use of durable medical equipment "including oxygen

Upon review of the record, we find that Arch Coal has not demonstrated that the Board was clearly wrong in finding that oxygen therapy and related equipment are medically related and reasonably required for the treatment of occupational pneumoconiosis. As set forth by the Supreme Court of Appeals of West Virginia, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). Based on the foregoing, we conclude that the Board's decision is supported by substantial evidence.

Accordingly, we affirm the Board's February 5, 2025, order.

Affirmed.

**ISSUED:** August 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

---

delivery systems," and provides that oxygen therapy "require prior authorization and will only then be authorized when in compliance with the guidelines of the American Thoracic Society." *See Delbert*, 247 W. Va. at 370 n.4, 880 S.E.2d at 92 n.4 (2022).